**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey YINGST, Defendant–Appellant.**

No. 06–10306.

United States Court of Appeals,
Ninth Circuit.

Submitted April 18, 2007.*

Filed May 4, 2007.

David L. Gappa, Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ann H. Voris, Esq., FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jeffrey Yingst pled guilty to one count of receipt and distribution of visual depictions that involve the use of minors engaging in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(2). He appeals his sentence of 121 months of imprisonment. He claims that his First Amendment rights were infringed because the prosecution introduced at the sentencing hearing evidence of his participation in internet chatrooms where sexual exploitation of children was discussed. The record shows that the district court accorded no significance to the chatroom evidence. In any event, the evidence was relevant for legitimate sentencing factors, such as whether Yingst posed a future threat to society. *See Dawson v. Delaware,* 503 U.S. 159, 166, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992).

Yingst further argues that the government breached its promise under the plea agreement not to seek a sentencing enhancement for barter. *U.S. Sentencing Guidelines Manual* § 2G2.2(b)(3)(B). We reject that theory. Under Yingst's interpretation of the plea agreement, both par-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ties were permitted to present evidence relating to the sentencing factors set forth in 18 U.S.C. § 3553(a) and argue for any statutorily permitted sentence, so long as no request was made for a specific Sentencing Guidelines departure prohibited by the plea agreement. Thus, even under Yingst's own construction, the government did not breach the agreement by presenting relevant sentencing information and recommending a "reasonable sentence after full consideration of the record."

**AFFIRMED.**

---

* The Honorable Andrew J. Guilford, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.